IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ALTON BUCK                                                                                              PLAINTIFF

v.                                        Case No. 4:13-cv-000676-KGB

LINDSEY MANAGEMENT CO.                                                              DEFENDANT

**ORDER**

Plaintiff Alton Buck brings this action against defendant Lindsey Management Co. ("Lindsey") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.* Before the Court is Lindsey's motion to dismiss Mr. Buck's complaint (Dkt. No. 7). After Lindsey filed its motion, Mr. Buck filed his first amended complaint within the time for amending as a matter of right under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure (Dkt. No. 11). Accordingly, Lindsey's motion to dismiss is denied as moot (Dkt. No. 7).

Also before the Court is Lindsey's motion to dismiss Mr. Buck's first amended complaint and, in the alternative, motion for a more definite statement (Dkt. No. 13). Mr. Buck has responded (Dkt. No. 15). Lindsey has not replied or requested leave to file a reply. For the reasons below, the Court grants in part and denies in part Lindsey's motion to dismiss and denies the motion for a more definitive statement (Dkt. No. 13).

**I.      Background**

Mr. Buck states in his first amended complaint that Lindsey hired him in 2005 to perform the duties of "pro shop attendant" at the Eagle Hills golf course in Pulaski County, Arkansas, one of Lindsey's places of business. Mr. Buck states that, when he was hired, Lindsey paid him on an hourly basis, and he received overtime pay for all hours worked in excess of the applicable

limitations under the FLSA and state law.  Mr. Buck asserts that his everyday duties included selling pro shop merchandise to golfers, receiving merchandise, stocking and restocking the pro shop inventory, answering telephone calls, scheduling and renting golf carts to golfers and handing out golf cart keys, and performing certain janitorial work (Dkt. No. 11, ¶5).

Mr. Buck claims that, in 2007, Lindsey changed the method of Mr. Buck's pay from hourly with overtime to salary without overtime, even though his job duties and responsibilities did not change in any significant manner (*Id.*, ¶ 6).  Mr. Buck asserts that he never performed supervisory work for Lindsey, never had authority to hire or fire other employees, never performed administrative or managerial duties for Lindsey, and did not ever meet any of the other requirements to be qualified properly, or rightfully considered, as an exempt employee under the overtime provisions of the FLSA or state law.  Mr. Buck alleges that Lindsey intentionally and willfully implemented the compensation change with reckless indifference to the consequences or with knowledge that it violated the law.  He asserts that he is entitled to claim back-pay overtime for a period of three years (*Id.*, ¶ 8).  Mr. Buck alleges that he worked in excess of 3,000 hours of unpaid overtime, and he lists in detail the weekly total hours and overtime hours he allegedly worked (*Id.*, ¶¶ 7-9).

Mr. Buck also alleges that Lindsey failed to comply with the recordkeeping requirements of "29 U.S.C. § 516.2" by failing to maintain records pertaining to the time and day of the week when employee workweeks begin; total hours worked each workweek; total daily or weekly straight-time earnings; and total overtime earnings for the workweeks.  As discussed below, the Court construes this as an intended reference to 29 C.F.R. § 516.2.

## II.     Motion to Dismiss

Lindsey moves to dismiss Mr. Buck's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must satisfy the pleading requirement of Rule 8(a)(2), which requires "a short and plain statement of the claim that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *see Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted).  However, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678).

Lindsey argues that Mr. Buck has not sufficiently pleaded that Lindsey is his employer within the meaning of the FLSA, failed to plead sufficiently FLSA coverage, failed to plead a facially plausible claim for overtime violations, and failed to plead facts in support of his allegations of willfulness.  Lindsey also asserts that Mr. Buck's claim for FLSA recordkeeping

violations is not a viable claim because the FLSA does not provide a private right of action for recordkeeping violations. The Court will address each in turn.

### A. Employer-Employee Relationship

The FLSA's overtime requirements apply to employers and employees, 29 U.S.C. § 207(a)(1), and therefore, to be applicable, require the existence of an employer-employee relationship. Lindsey argues that Mr. Buck has not sufficiently pleaded that Lindsey was his employer within the meaning of the FLSA.

The FLSA provides little guidance concerning the limits of the employer-employee relationship. *Marshall v. Truman Arnold Distrib. Co.*, 640 F.2d 906, 908 (8th Cir. 1981) (citing 29 U.S.C. § 203(d), (e)(1), and (g) (defining "employer", "employee", and "employ"). "In determining whether an entity functions as an individual's employer, courts generally look to the economic reality of the arrangement." *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005) (citing *Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961) ("[T]he 'economic reality' rather than 'technical concepts' is to be the test of employment" under the FLSA)). Courts "have looked to factors such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the 'employer'" under the FLSA. *Dole v. Cont'l Cuisine, Inc.*, 751 F. Supp. 799, 802-03 (E.D. Ark. 1990) (citing *Wirtz v. Pure Ice Co.*, 322 F.2d 259 (8th Cir. 1963); *Fruco Const. Co. v. McClelland*, 192 F.2d 241 (8th Cir. 1951)). The economic reality test looks to the totality of the circumstances, not to any one factor. *Le v. Regency Corp.*, 957 F. Supp. 2d 1079, 1089-90 (D. Minn. 2013).

The Court finds that Mr. Buck has sufficiently pleaded employee status under the FLSA. Mr. Buck's first amended complaint alleges a straight forward employer-employee relationship, providing details regarding his hiring, compensation, and duties as a pro shop attendant in

Lindsey's golf course.  Under these circumstances, a detailed analysis of the economic reality test is not appropriate at this stage of the proceedings.  *See Kemp v. Frank Fletcher Companies, Ltd.*, No. 4:10CV01122 JLH, 2010 WL 4096564, at *2 (E.D. Ark. Oct. 18, 2010) ("Because Kemp alleges that they were her employers and the Court must accept that allegation as true on a motion to dismiss, Kemp has stated a claim for relief under the FLSA.").  Lindsey's motion to dismiss based on its argument regarding the employer-employee relationship is denied.  Lindsey may ask this Court to revisit the issue at the summary judgment stage.

### B.    FLSA Coverage

Lindsey also argues that Mr. Buck has not sufficiently pleaded FLSA coverage and that his claims should be dismissed on this basis.  FLSA coverage extends to employees engaged in commerce or in the production of goods for commerce (individual coverage) and employees employed by an enterprise engaged in commerce or in the production of goods for commerce (enterprise coverage).  29 U.S.C. §§ 206(a), 207(a)(1); *see Reich v. Stewart*, 121 F.3d 400, 405 (8th Cir. 1997).  Lindsey argues that Mr. Buck has failed to allege facts that establish either individual or enterprise coverage.  Lindsey specifically complains that Mr. Buck "has wholly failed to reference FLSA coverage:  the words 'commerce,' 'enterprise,' and 'coverage' do not appear even once in Buck's First Amended Complaint." (Dkt. No. 14, at 5-6).  The Court rejects this argument and finds that Mr. Buck has sufficiently alleged coverage under the FLSA.

In his first amended complaint, Mr. Buck alleges that he worked in the pro shop at Lindsey's Eagle Hills golf course and handled and sold merchandise.  In addition, Mr. Buck attaches to his first amended complaint a portion of Lindsey's website that he claims reflects that Lindsey markets apartment homes, corporate housing, and golf course services in several states in the Mid-South region (Dkt. No. 11, ¶¶ 3, 5; Dkt. No. 11-1).  With these allegations, Mr. Buck

has sufficiently alleged coverage under the FLSA so as to survive the motion to dismiss. *See Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (stating that the determination of coverage is a question of law "that must be resolved on the facts of each case"); *Graham v. Town & Country Disposal of W. Missouri, Inc.*, No. 4:10-CV-00551-NKL, 2010 WL 3927756, at *3 (W.D. Mo. Oct. 4, 2010) (quoting same and stating that "determining whether the FLSA applies to Town must be made at a subsequent stage of this litigation, not in a motion to dismiss."); *see also Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("[T]o properly allege individual or enterprise coverage, [the plaintiff] need not do much. Aside from stating the nature of his work and the nature of [his employer]'s business, he must provide only straightforward allegations connecting that work to interstate commerce."). The Court denies Lindsey's motion to dismiss as to FLSA coverage.

### C. Overtime Claim

"An employer violates the FLSA by failing to compensate employees for overtime work if the employer suffered or permitted [overtime] work." *Brennan v. Qwest Commc'ns Int'l, Inc.*, 727 F. Supp. 2d 751, 755 (D. Minn. 2010); *see Mumbower v. Callicott*, 526 F.2d 1183, 1187-88 (8th Cir. 1975) ("[L]iability under the Act depends . . . upon the number of hours the employee is actually permitted to work for the employer's benefit."). The Eighth Circuit has said that, in order to prevail on FLSA overtime claims, plaintiffs must "present evidence that they worked above their scheduled hours without compensation and that the [employer] knew or should have known that they were working overtime." *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 781 (8th Cir. 2009). The parties appear to agree that the same standards apply to Mr. Buck's AMWA claims, and the Court does not disagree. *See Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011) (stating that the AMWA appears to impose the same overtime

requirements as the FLSA); *see also* Ark. Admin. Code 010.14.1-112 (providing that the Arkansas Department of Labor "may rely on the interpretations of the U.S. Department of Labor and federal precedent established under the Fair Labor Standards Act in interpreting and applying the provisions of [the AMWA] . . . except to the extent a different interpretation is clearly required.").

Lindsey argues that Mr. Buck failed to plead sufficiently an overtime claim because he did not plead facts establishing that Lindsey had actual or constructive knowledge of Mr. Buck's work in excess of 40 hours.  The Court disagrees.  Mr. Buck alleges that Lindsey hired him as an hourly employee and paid him overtime but later changed his compensation to salary without overtime, although his duties and responsibilities remain unchanged.  He provides a detailed log of his weekly hours worked and the 3,000 hours of unpaid overtime he claims he worked over a three-year period.  This is sufficient to state a facially plausible overtime claim.  Accepting the allegations in Mr. Buck's first amended complaint as true, the Court agrees with Mr. Buck that it is reasonable to assume that Lindsey knew or should have known that Mr. Buck would have continued to work overtime after the reclassification if his duties and responsibilities remained the same.

Mr. Buck's allegations in his first amended complaint are sufficient to give Lindsey fair notice of the nature of his claim and the grounds upon which it rests.  *Erickson*, 551 U.S. at 93; *see Nehmelman v. Penn Nat. Gaming, Inc.*, 790 F. Supp. 2d 787, 797 (N.D. Ill. 2011) ("FLSA claims are generally simple and do not require a fuller set of factual allegations to render them plausible.") (internal quotation marks omitted); *see also Kemp*, 2010 WL 4096564, at *2 (finding allegations that defendants were plaintiff's employers, plaintiff regularly worked more than 40

hours per week, and defendants failed to compensate plaintiff for all of the hours that she worked were sufficient to state a violation of FLSA's minimum wage requirements).

### D.     Willfulness

An action asserting FLSA violations is generally subject to a two-year limitations period, but if the violation is "willful," a three-year limitations period applies.  *See* 29 U.S.C. § 255(a).  The Supreme Court has defined a "willful" violation as one where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1082 (8th Cir. 2000).

Mr. Buck alleges that Lindsey willfully violated the FLSA and therefore seeks to apply the three-year limitations period.  Lindsey argues that Mr. Buck fails to plead sufficient facts to establish willfulness within the meaning of the FLSA.  The Court disagrees with Lindsey.  Mr. Buck alleges that Lindsey hired and paid him on an hourly basis with overtime and, two years later, changed his classification to a salaried employee, without any material change in his duties and with reckless disregard to the consequences or knowledge that the change was unlawful.  Moreover, as discussed in more detail below, Mr. Buck's allegation that Lindsey violated the FLSA's recordkeeping requirement may corroborate his claim of willfulness.  Accepting Mr. Buck's allegations as true, the Court finds that Mr. Buck has sufficiently alleged a wilful violation of the FLSA.  The Court denies Lindsey's request to apply the two-year limitations period.

### E.     FLSA Recordkeeping Violation

Mr. Buck alleges in his first amended complaint that Lindsey violated the record keeping requirements of "29 U.S.C. § 516.2" (Dkt. No. 11, ¶ 9).  There is no 29 U.S.C. § 516.2.  Based

on the allegations in the first amended complaint, the Court construes this as an intended reference to 29 C.F.R. § 516.2, a regulation providing specific recordkeeping requirements promulgated pursuant to the FLSA's recordkeeping provisions at 29 U.S.C. § 211(c).  Lindsey moves to dismiss Mr. Buck's claim alleging a violation of the recordkeeping provisions of the FLSA on the ground that there is no private cause of action under the FLSA for recordkeeping violations.  Mr. Buck responds that he does not assert a record keeping violation as a separate cause of action; rather, he states that this is a "factual allegation impacting on defendant's various theories for dismissal" (Dkt. No. 15, at 9).  However, Mr. Buck appears to go on to suggest that Lindsey may be held liable for a recordkeeping violation.

The Court agrees with Lindsey that there is no private cause of action for violating the FLSA's recordkeeping requirements.  The FLSA empowers the Administrator of the Wage and Hour Division of the Department of Labor to enforce the Act's recordkeeping requirements.  29 U.S.C. § 211(c).  By contrast, private suits brought by employees under § 216(b) of the FLSA are limited to violations of the FLSA's minimum wage, overtime, and retaliation provisions, §§ 206, 207, 215(a)(3).  *See Helmert*, 805 F. Supp. 2d at 668 n.15 ("Even if Butterball were in violation of the FLSA's recording requirement for failing to record actual hours worked, the plaintiffs would not be entitled to damages because the FLSA does not provide a private cause of action for violations of the recording requirements.").

However, the Court agrees with Mr. Buck that the alleged recordkeeping violations may prove relevant to his underlying claims.  An employer's violations of the FLSA recordkeeping requirements can "serve as corroboration of the employer's willfulness in failing to compensate for overtime." *Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-04175-NKL, 2011 WL 3924920, at *2 (W.D. Mo. Sept. 7, 2011) (citing *Elwell v. Univ. Hosps. Home Care Servs.*, 276

F.3d 832, 844 (6th Cir. 2002)). The alleged recordkeeping violations also may affect Mr. Buck's burden of proof as to the extent of his alleged unpaid work. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (holding that, where an employer failed to keep accurate and adequate records and an employee has shown that he or she has performed uncompensated work and provided "sufficient evidence to show that the amount and extent of the work as a matter of just and reasonable inference," the burden shifts to the employer to provide evidence to dispute the reasonableness of the inference), superseded by statute on other grounds, Portal–to–Portal Act of 1947, Pub. L. No. 49–52, § 5, 61 Stat. 84, 87 (codified at 29 U.S.C. § 216(b)); *Carmody v. Kansas City Bd. of Police Comm'rs*, 713 F.3d 401, 406 (8th Cir. 2013) ("When an employer fails to maintain accurate time records, *Anderson* relieves the employee of proving the precise extent of uncompensated work and creates a relaxed evidentiary standard.").

Accordingly, the Court grants Lindsey's motion to dismiss to the extent Mr. Buck's first amended complaint alleges a separate cause of action for recordkeeping violations under the FLSA, and that claim is dismissed. The Court reserves ruling on any evidentiary issues related to the alleged recordkeeping violations.

**III.     Motion for a More Definite Statement**

Lindsey moves, in the alternative, for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) allows a party to move for "a more definite statement of a pleading that is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Because the Court finds that Mr. Buck's first amended complaint provides fair notice of the nature of his claims, the Court finds no basis to require Mr. Buck to make a more definite statement pursuant to Rule 12(e). The Court denies Lindsey's motion for a more definite statement.

\*   \*   \*

Lindsey's motion to dismiss is granted to the extent Mr. Buck's first amended complaint purports to allege a separate cause of action for violating the FLSA's recordkeeping requirements, and that claim is dismissed (Dkt. No. 13). Lindsey's motion to dismiss is denied in all other respects. Lindsey's alternative motion for a more definite statement is denied.

SO ORDERED this the 15th day of July, 2014.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge